UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LUFTI HASSAN | CIVIL ACTION NO. 6:16-MC-00014 |
| VERSUS | |
| SWIFTSHIPS SHIPBUILDERS, LLC | MAGISTRATE JUDGE HANNA |

## **REPORT AND RECOMMENDATION**

Currently pending are two related motions. The first is the motion for judgment *pro confesso* that was filed by the plaintiff, Lufti Hassan (Rec. Doc. 36), and the other is the motion to dismiss the plaintiffs' motion on the basis of lack of personal jurisdiction and insufficient service that was filed by the defendant, Swiftships, LLC ("Swiftships") (Rec. Doc. 40). The motions were referred to this Court for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the plaintiffs' motion be DENIED, that the defendants' motion be DENIED as moot.

## BACKGROUND

The plaintiff, Mr. Hassan brought a successful lawsuit in the United States District Court for the Eastern District of Louisiana and obtained a judgment against Swiftships Shipbuilders, LLC and others in the amount of $390,000.00. Subsequently, Mr. Hassan registered the judgment in this District Court, filed a Motion to Examine Judgment Debtor, and then filed a request for issuance of a writ of fieri facias, which was issued on January 31, 2017.

Then, Mr. Hassan filed a Motion for Writ of Garnishment that requested Swiftships be cited as garnishee and served with garnishment interrogatories. The motion for writ of garnishment was granted on February 1, 2017. After the Motion for Writ of Garnishment was granted, Mr. Hassan attempted to have the U.S. Marshalls serve Swiftships' registered agent, Aimee R. Griffin, but the service return states that she no longer works at Swiftships and that the U.S. Marshall served Ricky Bertrand, a human resource employee at Swiftships. On April 26, 2017, Mr. Hassan filed a motion for judgment *pro confesso* alleging that Swiftships had not timely responded to the garnishment interrogatories and contending that Swiftships' failure to do so required judgment in Mr. Hassan's favor. On April 28, 2017, Swiftships filed a motion to dismiss based on lack of personal jurisdiction and insufficiency of service of process.

## THE CONTENTIONS OF THE PARTIES

Mr. Hassan contends that Swiftships was properly served. Although Mr. Hassan admits that service was not made on the defendants registered agent for service of process as prescribed by Louisiana's procedural rules, Mr. Hassan argues that service on Swiftships' human resource manager is proper because Swiftships' registered agent no longer worked at Swiftships.

Swiftships contends that, absent personal service on its agent as required by Louisiana law, service is improper and mandates dismissal of this action.

## LAW AND ARGUMENT

### A. THE APPLICABLE STANDARD

Absent proper service of process, the court lacks jurisdiction over the defendant.[1] Therefore, if a party is not validly served with process, proceedings against that party are void.[2] Under Federal Rule of Civil Procedure 12(b)(5), a defendant may assert insufficient service of process as a defense to a claim for relief in federal court. When service of process is challenged, the party making service

---

[1] *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999).

[2] *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).

bears the burden of establishing its validity.³ A district court "enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process."⁴

Rule 4 of the Federal Rules of Civil Procedure governs the service requirements for the summons and the complaint. Under Rule 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Therefore, when a plaintiff fails to serve a defendant within the requisite time period, the district court has two choices. It may dismiss the action without prejudice or order that service be effected within a specified time; if, however, a plaintiff can establish good cause for the failure to timely serve a defendant, the district court must extend the time for service.⁵

**B.    SERVICE WAS NOT PROPERLY MADE**

---

³ *Systems Signs Supplies v. U.S. Dept. of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5ᵗʰ Cir. 1990); *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d at 435.

⁴ *Kreimerman v. Casa Veerkap, S.D. de C. V.*, 22 F.3d 634, 645 (5ᵗʰ Cir. 1994); *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5ᵗʰ Cir. 1986).

⁵ *Thompson v. Brown*, 91 F.3d 20, 21 (5ᵗʰ Cir. 1996).

This Court finds that Mr. Hassan did not properly serve Swiftships. Under Rule 4(h)(1) of the Federal Rules of Civil Procedure, a federal litigant has two options for serving a limited liability company within a judicial district of the United States.

First, a limited liability company may be served according to the law of the state in which the district court is located.[6] Under Louisiana law, a foreign limited liability company must be served by personal service on any of its agents for service of process.[7] Louisiana's procedural rules require personal service on the limited liability company's agent unless the limited liability company has failed to designate an agent, or if the agent has died, resigned, or been removed or if, following due diligence, service on the agent was not possible.[8] Nothing in the record suggests that Ms. Griffin had died, resigned, or been removed as Swiftships' agent before service was attempted. Further, the evidence presented shows that Mr. Hussan made a single attempt to serve Ms. Griffin with the complaint in this lawsuit, but served Ricky Bertrand, Swiftships' Human Resources Manager after they were told that Ms. Griffin no longer worked at Swiftships. This Court is also not persuaded that a single attempt

---

[6] Fed. R. Civ. P. 4(h)(1)(A).

[7] Article 1266 of the Louisiana Code of Civil Procedure.

[8] Article 1261 of the Louisiana Code of Civil Procedure.

at service is sufficient to constitute due diligence. Furthermore, if Mr. Hussan would have used due diligence he would have discovered that Swiftships' registered agent for service of process was changed to LaRocca Law Firm approximately one week later and would have properly served Swiftships' new agent for service of process. This Court finds that, because Mr. Hussan did not use due diligence in attempting to personally serve Ms. Griffin, its service of the Court's order and Garnishment Interrogatories to Ricky Bertrand, Swiftships' Human Resources Manager, did not constitute valid service under Louisiana's procedural rules or, consequently, under Rule 4(h)(1)(A).

Second, a limited liability company may alternatively be served under Rule 4(h)(1)(B) by delivering copies of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Nothing in the record suggests that Ricky Bertrand, Swiftships' Human Resources Manager, was authorized by appointment or by law to receive service for Swiftships. Thus, service on him was improper under Rule 4(h)(1)(B).

Thus, under either alternative method recognized by Rule 4(h), Mr. Hassan failed to properly serve Swiftships with the Court's Order and the garnishment interrogatories.

C.   **RESOLUTION OF THE PENDING MOTIONS**

This Court finds that Mr. Hassan failed to serve Swiftships properly. Because Hassan did not properly serve Swiftships, Swiftships' failure to timely respond to the garnishment interrogatories cannot be viewed as an admission of the information sought in the interrogatories and does not require that judgment be issued in Mr. Hussan's favor. But Mr. Hussan's failure to properly serve Swiftships does not require that Mr. Hussan's suit be dismissed. Swiftships has indicated it has now responded to the interrogatories so the motion to dismiss is to be denied as moot.

Accordingly, this Court recommends that pending motion for Judgment *Pro Confesso* be denied based on insufficient service, but since Swiftships has now responded to the interrogatories the motion to dismiss be denied as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on this 23rd day of May 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE