UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LUFTI HASSAN | CIVIL ACTION NO. 6:16-MC-00014 |
| VERSUS | |
| SWIFTSHIPS SHIPBUILDERS, LLC | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING AND ORDER

Currently pending before the Court is Plaintiff's Motion for Order of Garnishment (Rec. Doc. 51). For the reasons that follow, the motion is GRANTED in part and DENIED in part.

### BACKGROUND FACTS AND PROCEDURAL HISTORY

On December 14, 2015, the plaintiff Lufti Hassan obtained a judgment in the Eastern District of Louisiana against Swiftships Shipbuilders, LLC, Swift Group, LLC, Calvin LeLeaux, Shehraze Shah, Khurram Shah, ICS Nett, Inc., and ICS Marine, Inc. in the amount of $395,000.00, plus pre-and post-judgment interest. Subsequently, the plaintiff registered the judgment in the Western District of Louisiana and the Clerk of Court issued a writ of fieri facias against all judgment debtors. Then, the plaintiff filed a motion for writ of garnishment that requested Swiftships, LLC ("Swiftships") be cited as garnishee and served with garnishment

interrogatories. On February 1, 2017, the plaintiff's motion for writ of garnishment was granted.

On April 26, 2017, Mr. Hassan filed a motion for judgment *pro confesso* alleging that Swiftships had not timely responded to the garnishment interrogatories and contending that Swiftships' failure to do so required judgment in Mr. Hassan's favor. In response, Swiftships filed a motion to dismiss based on lack of personal jurisdiction and insufficient service of process.

On May 18, 2017, oral argument was held before the undersigned on the two related motions and a report and recommendation was issued. In the report and recommendation, the undersigned denied the plaintiff's motion for judgment *pro confesso* because Swiftships was not properly served and denied Swiftships' motion to dismiss as moot because Swiftships indicated that it responded to the plaintiff's interrogatories. On June 28, 2017, the report and recommendation was adopted by Judge Doherty.

On May 12, 2017, Swiftships, LLC answered the plaintiff's garnishment interrogatories and admitted that judgment debtor Calvin LeLeaux is engaged as a consultant to Swiftships, LLC and has an annual payment amount of $175,000. As a result, the plaintiff filed the present motion seeking an order of garnishment

directing Swiftships to deliver Calvin LeLeaux's annual payment of $175,000 to the plaintiff.

## THE CONTENTIONS OF THE PARTIES

Swiftships filed an opposition contending that neither Swiftships nor Calvin LeLeaux have admitted that the full sum or any part of the sum has been paid or is due to be paid. Swiftships contends that LeLeaux is paid a bi-weekly salary that is considered a wage for the purpose of garnishment. Therefore, Swiftships contends that the maximum amount of garnishment is limited to twenty-five percent of LeLeaux's disposable earnings.

In reply, the plaintiff concedes for the purpose of this motion that LeLeaux's payment is considered a wage. However, the plaintiff contends that Swiftships does not have standing to assert the wage exemption on behalf of LeLeaux. In the alternative, if the court does apply the exemption from seizure, the plaintiff contends the date Swiftships answered the interrogatories should begin the garnishment of LeLeaux's wages and not the date that service of the interrogatories was perfected.

## LAW AND ANALYSIS

Rule 69 of the Federal Rules of Civil Procedure provides that a money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution- and in proceedings supplementary to and in aid of judgment

or execution- must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.[1] Therefore, Louisiana law for the execution of judgments will be applied.

Under Louisiana law, a judgment creditor may seize property belonging to a judgment debtor by citing a third party as garnishee to declare under oath what property he has in his possession or under his control belonging to the judgment debtor.[2] "The seizure shall take effect upon service of the petition, citation, interrogatories, and a notice of seizure."[3] The Court has previously determined that the plaintiff's first attempt at executing service on Swiftships was insufficient because service was not made on Swiftships' registered agent. Even though Swiftships answered the plaintiff's interrogatories on May 12, 2017, the plaintiff did not sufficiently serve Swiftships until May 18, 2017. Therefore, this Court finds that the seizure shall take effect upon May 18, 2017 when Swiftships was sufficiently served.

Furthermore, a garnishment of wages is deemed a continuing seizure.[4] However, there are general exemptions from seizure provided in La. R.S. 13:3881,

---

[1] Fed. R. Civ. P. 69(a)(1)

[2] La. C.C.P. art. 2411(A)

[3] La. C.C.P. art. 2411(B)

[4] La. R.S. 13:3912(B)

which includes the exemption of seventy-five percent of a judgment debtor's disposable earnings for any week, but in no case is the exemption less than thirty times the federal minimum hourly wage. The plaintiff contends that the exemption should not be applied because LeLeaux did not claim the exemption. However, the plain language of La. R.S. 13:3881 states,

> "A. The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever, except as otherwise herein provided:
>
> (1)(a) Seventy-five percent of his disposable earnings for any week, but in no case shall this exemption be less than an amount in disposable earnings which is equal to thirty times the federal minimum hourly wage in effect at the time the earnings are payable or a multiple of fraction thereof, according to whether the employee's pay period is greater or less than one week."

This language merely indicates that an exemption applies and does not specify that the exemption must be claimed. The Court cannot ignore the evidence presented by Swiftships that illustrates LeLeaux meets the requisites for this exemption. In their opposition, Swiftships attached the declaration of their finance director, John Davidson Jr. According to Mr. Davidson's declaration, Swiftships pays LeLeux a fee/salary of approximately $175,000 annually, which is paid on a bi-weekly basis with deductions for federal income tax, social security, Medicare, and various health insurance coverages.

Based on the declaration, this Court finds that LeLeux's bi-weekly salary is considered a wage or salary that is subject to the exemption in La. R.S. 13:388. As a result, only twenty-five percent of LeLeaux's disposable earnings from his bi-weekly salary is subject to garnishment. Therefore,

IT IS ORDERED that the plaintiff's motion for garnishment is GRANTED to the extent that it seeks an order of garnishment directing Swiftships to deliver twenty-five percent of LeLeaux's disposable earnings to the plaintiff. The plaintiff's motion for garnishment is DENIED to the extent that it seeks to have the seizure effective on the date Swiftships answered the garnishment interrogatories.

IT IS FURTHER ORDERED that oral argument previously set for August 24, 2017 is CANCELLED.

A separate order of garnishment shall be issued.

Signed at Lafayette, Louisiana on this 14th day of August 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE